UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| TANJANECA LANESE BYRD, | : | CASE NO. 15-52725-MHM |
|     Debtor. | : | |
| _____ | : | |
| GUY G. GEBHARDT, ACTING UNITED STATES TRUSTEE, | : : | |
| | : | |
|     Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| TANJANECA LANESE BYRD, | : | |
| | : | |
|     Respondent. | : | |

### RESPONSE TO MOTION TO DISMISS

COMES NOW, Tanjaneca Lanese Byrd (the "Debtor"), by and through counsel, and files this Response to Motion to Dismiss in response to the Acting United States Trustee's motion to dismiss filed on May 4, 2015 (Doc. No. 18) (the "Motion to Dismiss"), and states the following in support.

### INTRODUCTION

The Motion to Dismiss was filed pursuant to 11 U.S.C. § 707(b)(2), and was based on the Debtor's case being filed as an abuse of the Bankruptcy Code by taking improper deductions on the "means test."[1] The Debtor believes she can demonstrate "special circumstances," which rebut the presumption of abuse, including expenses that are

---

[1] The United States Trustee has through July 6, 2015 to file any documents related to 11 U.S.C. § 707(b)(3) (Doc. No. 23).

1

expected to be incurred as part of the Debtor's anticipated divorce, and related to the Debtor's post-divorce household as a single mother.

STATEMENT OF FACTS

The Debtor is married with a nine year-old daughter. The Debtor's only source of income is wages from Atlanta Public Schools, where she has been employed since 2001. The Debtor's main reason for filing this case was to discharge debts related to a short-sale of real property in 2014, and other related debts that were incurred during the same time period of financial stress. On top of that, and as a proverbial gut punch, the Debtor is in the processing of interviewing divorce lawyers to move forward with divorcing her husband. *See* Doc. No. 5.

The Debtor has a joint interest in real property located in the Old Fourth Ward of Atlanta that is valued at approximately $393,600.00, but is underwater with mortgages. *See* Doc. No. 1, pg. 14. The Debtor expects that property will be transferred within the anticipated divorce. Otherwise, the total of the Debtor's assets is $20,736.51. *See* Doc. No. 1, pg. 19.

The Debtor's owes one secured debt ($59,860.52) for a second mortgage on the real property interest detailed above. *See* Doc. No. 1, pg. 23. The Debtor owes real property taxes on that same real property, as the joint deed holder, and that is the Debtor's only priority debt ($1951.31). *See* Doc. No. 1, pg. 25. The Debtor's unsecured debts total $322,388.34, which includes student loans ($32,105.00), and two mortgages related to a short-sale of real property in 2014 ($258,770.00).

The Debtor filed amended Schedules I and J on June 7, 2015 (Doc. No. 25) (the "Amended Budget"). The Amended Budget includes expenses that are expected to be incurred as either related to or after the Debtor establishes a post-divorce household. Examples of expected future expenses include rent, utilities, child care, health insurance, dental insurance, and divorce related legal fees. The Debtor filed the Amended Budget under the penalty of perjury. *See* Doc. No. 25, pg. 11. The Amended Budget shows that the Debtor's budget is in the negative by $172.07 per month, however that negative figure does not include anticipate $280.00 – 330.00 per month for health and dental insurance starting in November 2015 and that negative figure also does not include the $1729.00 the Debtor owes to the IRS for calendar year 2014. When those additional expenses are added to the Debtor's budget ,the Debtor has a conservative monthly short-fall of approximately $472.07 ($172.07 + $280.00 + $20.00 as a minimum payment to the IRS), and that is if nothing unexpected ever happens such as school pictures, medical needs, car repairs, increased insurance premiums, etc.

The Debtor's first filed Schedule I incorrectly included an employer funded retirement contribution, as noted by the Acting United States Trustee within the Motion to Dismiss on page five. *See* Doc. No. 1, pg. 34. The Amended Schedules corrected that error.

A summary of the Debtor's expenses, and the applicable standards for Form B 22-A applicable on the case filing date, February 11, 2015, are detailed below.

|  | Sch. J 2/11/15 (DN 1) | Sch. J 6/7/15 (DN 25) | IRS Nat'l Stds. on 2/11/15 (household of two)[2] | Comment |
|---|---|---|---|---|
| Rental/ Home Ownership | $500.00 | $1500.00 | $1545.00 | Debtor expects to stay in the same part of Atlanta (Old Fourth Ward) after the divorce, to provide continuity to her minor daughter. |
| Real Estate Taxes | $0.00 | 0.00 |  | Debtor expects this priority debt will be resolved in the anticipated divorce. |
| Prop. Ins. | $334.80 | $125.00 |  | The 2/11/15 budget includes expenses related to the real property deeded to the Debtor and (separated) spouse. Debtor expects the only expense post-divorce will be renter's insurance. |
| Utilities |  |  |  |  |
| Electricity, Gas, Heat | $250.00 | $125.00 |  | See Rental/ Home Own. Debtor was paying all utilities for the marital home and expects those expenses will decrease post-divorce. |
| Water, Sewer, Garbage | $0.00 | $100.00 |  | See Rental/ Home Own. Debtor expects incur water/ sewer/ garbage expenses in her post-divorce rental. |
| Phone, Cell Phone, Internet, Cable | $400.00 | $150.00 |  | See Rental/ Home Own. Debtor was paying all utilities for the marital home and expects those expenses will decrease post-divorce. |
| Food & Housekeeping | $250.00 | $500.00 | $654.00 |  |

---

[2] http://www.justice.gov/ust/means-testing/means-testing-cases-filed-between-november-1-2014-and-march-31-2015-inclusive

4

| | | | | |
|---|---|---|---|---|
| Childcare & Education | $100.00 | $400.00 | | Debtor expects to incur additional child care expenses post-divorce. |
| Clothing, Laundry, Dry Cleaning | $40.00 | $100.00 | $162.00 | The Debtor has higher than average dry cleaning costs related to her profession (teacher). |
| Personal Care | $50.00 | $100.00 | $61.00 | |
| Medical & Dental | $50.00 | $50.00 | $120.00 | |
| Transportation | $250.00 | $250.00 | $250.00 | |
| Entertainment | $0.00 | $0.00 | $215.00 ("Miscellaneous") | |
| Charity | $50.00 | $50.00 | | Debtor has a history of contributing money to a religious organization but those payments have been traditionally made through the Debtor's (separated) husband. |
| Insurance | | | | |
| Life | $0.00 | $0.00 | | See below |
| Health | $0.00 | $0.00 | | Debtor expects post-divorce health insurance will be approximately $200.00 – 250.00 per month. The Debtor expects the dental insurance will be approximately $80.00 per month. |
| Vehicle | $228.00 | $58.00 | | Debtor pays the car insurance directly to her father, the owner of the car that the Debtor drives. |
| Other | $0.00 | $0.00 | | |
| Taxes | | | | Debtor owes the IRS $1729.00 for calendar year 2014 and that was not included in the Amended Schedules. |
| Installment Payments | | | | |

5

| | | | | |
|---|---|---|---|---|
| Car | $400.00 | $400.00 | | Debtor drives a car that is owned by her father. |
| Student Loans | $400.00 | $400.00 | | |
| Repay 403(B) – Lincoln | $107.00 | $107.00 | | |
| Other | | | | |
| Ad Valorem/ Emissions | $5.00 | $5.00 | | |
| Annual Tax Preparation | $10.00 | $10.00 | | |
| Whole Life Ins. | $48.65 | $48.65 | | |
| Accident Policy | $81.90 | $81.90 | | |
| AFLAC | $70.40 | $70.40 | | |
| AFLAC | $30.50 | $30.50 | | |
| Life Ins. | $92.00 | $92.00 | | |
| Life Ins. | $81.00 | $81.00 | | |
| Divorce Legal Fees | | | | Unknown expense, but given that there is a marital child the expense should be substantial given the extra work involved. |

Based on the table above, the Debtor believes her expenses are reasonable and justified given the unstable nature of her household for the foreseeable future.

## ANALYSIS

The Debtor has anticipated expenses related to a divorce that should qualify as special circumstances to rebut the presumption of abuse. A Chapter 7 debtor must qualify relief by filling out the "means test," which considers definable income and expenses. If the "means test" shows the debtor has money available to pay creditors, then the presumption of abuse of the bankruptcy system is invoked. 11 U.S.C. § 707(b)(2). A debtor may rebut that presumption by detailing "special circumstances." 11 U.S.C. § 707(b)(2)(B)(i)

6

The Motion to dismiss was filed under 11 U.S.C. 707(b)(2) based on at least one improper deduction that the Debtor took on the "means test." An example of an improper deduction on the "means test" was an employer funded retirement deduction of $378.10 per month. *See* Motion to Dismiss, pg. 5; Doc. No. 25, pg. 3.

However, the Debtor filed the Amended Budget, under the penalty of perjury, to detail anticipated and reasonable expenses that are expected to be incurred after divorce. Based on the Amended Budget the Debtor has a monthly short-fall of at least $427.07, if nothing unexpected ever happens. *See* page 3-4 of this response.

The Amended Budget and table above show that the Debtor has expenses related to special circumstances, including a divorce, a recent tax debt for calendar year 2014, and other expenses that are not clearly delineated as deductions on the "means test." The Debtor cannot avoid any of the expenses on the Amended Budget or the table above, and those are the Debtor's anticipated minimum expenses, with no disposable money identifiable within the monthly budget. Those special circumstance expenses, all of which the Debtor thinks are unavoidable, should rebut the presumption of abuse as detailed in the Motion to Dismiss.

WHEREFORE, the Debtor respectfully requests the following relief from this Honorable Court:

1. Deny the Motion to Dismiss; and
2. For any other relief that would be proper and just.

[SIGNATURE BLOCK ON THE NEXT PAGE]

Dated: June 12, 2015	Respectfully submitted,
　　　　　　　　　　　　　　　　LAW OFFICES OF
　　　　　　　　　　　　　　　　ANGEL M. VAN WIEREN, P.C.

　　　　　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　Angel M. Jacobs (f/k/a Van Wieren)
　　　　　　　　　　　　　　　　GA Bar No. 123009
　　　　　　　　　　　　　　　　120 Ralph McGill Blvd., NE, #711
　　　　　　　　　　　　　　　　Atlanta, GA 30308
　　　　　　　　　　　　　　　　P:  (470) 210-7220
　　　　　　　　　　　　　　　　angel@vanwierenlaw.com
　　　　　　　　　　　　　　　　**Attorney for Debtor**

CERTIFICATE OF SERVICE

    I, Angel M. Jacobs (f/k/a Van Wieren) of Law Offices of Angel M. Van Wieren, PC certify that on the date below, I served a copy of the attached "**RESPONSE TO MOTION TO DISMISS**" that were filed in this bankruptcy case, on the following parties in the manner stated:

Per BLR 5005-8 –
US Postal Mail with adequate postage -
United States Trustee
75 Spring St., SW, Room 362
Atlanta, GA 30303
(and by email to lindsay.n.swift@usdoj.gov, lisa.maness@usdoj.gov
Deborah.R.Jackson@usdoj.gov)


Dated: June 12, 2015        Respectfully submitted,
                                             LAW OFFICES OF
                                             ANGEL M. VAN WIEREN, P.C.

                                             /s/_____
                                             Angel M. Jacobs (f/k/a Van Wieren)
                                             GA Bar No. 123009
                                             120 Ralph McGill Blvd., NE, #711
                                             Atlanta, GA 30308
                                             P:  (470) 210-7220
                                             angel@vanwierenlaw.com
                                             **Attorney for Debtor**